# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| In re | Case No. 03-32063 - WRS |
| | Chapter 7 |
| TERRY MANUFACTURING | |
| COMPANY INC., | |
|     Debtor. | |

J. LESTER ALEXANDER III, TRUSTEE,

    Plaintiff,                                        Adv. Pro. No. 05-3050 - WRS

v.

CLIFTON ALBRIGHT, et. al.

## MEMORANDUM DECISION

This Adversary Proceeding is before the Court upon the motions of several Defendants to dismiss one or more of the Counts asserted in the Plaintiff's[1] Complaint. (Docs. 1, 61, 83, 119, 133, 151, 157, 160, 165, 166, 171, 172, 174, 175, 180)[2]. Some

---

[1] Terry Manufacturing filed a voluntary Chapter 11 petition in this Court on July 7, 2003. (Case No. 03-32063, Doc. 1). Terry Uniform, an affiliated entity, filed a voluntary Chapter 11 petition on July 22, 2003. (Case No. 03-32213, Doc. 1). Joint Administration of these two cases was ordered by this Court's Order of October 3, 2003. J. Lester Alexander, III, (hereinafter "Plaintiff" or "Trustee") was appointed Chapter 11 Trustee by Order of this Court on July 10, 2003. (Doc. 20). The Chapter 11 cases of Terry Manufacturing and Terry Uniform were converted to cases under Chapter 7 of the United States Bankruptcy Code, by Order of the Court dated May 13, 2004. (Case No. 03-32063, Doc. 579). J. Lester Alexander, III, was appointed Trustee of both Chapter 7 cases.

[2] This Memorandum Decision addresses the motions to dismiss filed by the following Defendants: Elijah Carter & Janet Carter Irrevocable Trust (Docs. 83, 160); Clifton Albright (Doc. 119); John Bernard II, Fred & Eugenia Calloway, Cleveland Avenue OB/GYN, P.C., George & Delores Crawford, Lemuel Daniels as Trustee for Quentin Daniels, Yvonne Davis-Robinson, Robert Lee Dunham, Wedbush Morgan Securities as Trustee for the IRA of Charles Duvall, Wedbush Morgan Securities as Trustee for the IRA of Edith Duvall, Samuel L. Jackson, Roy Harris & Rita Bernard Harris, Paul & Dolly Marshall, Dr. Roosevelt

Defendants have moved to dismiss by way of joining the motions filed by other Defendants. (Doc. 151, 157, 165, 171). The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and this is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(F), and (H). Upon consideration of the pleadings and for the reasons set forth below, the motions to dismiss Count III of the Plaintiff's Complaint pursuant to 11 U.S.C. § 547(b)(4)(B)[3] are GRANTED and the motions to dismiss Count I (fraudulent conveyances pursuant to the Alabama Fraudulent Transfer Act), Count II (fraudulent conveyances pursuant to 11 U.S.C. § 548), and Count III (avoidance of preferences pursuant to 11 U.S.C. § 547(b)(4)(A)) of the Plaintiff's Complaint are DENIED[4].

## I. FACTS

Before the Court is the Plaintiff's Complaint seeking the recovery of certain transfers sought to be avoided on the basis of fraudulent transfer theories pursuant to Alabama state law and § 548, as well as preferences pursuant to § 547 of the Bankruptcy Code. The claims asserted in the Complaint are as follows: Count I (fraudulent conveyances pursuant to the Alabama Fraudulent Transfer Act), Count II (fraudulent conveyances pursuant to 11 U.S.C. § 548), and Count III (avoidance of preferences pursuant to 11

---

McCorvey, James & Pamela Patrick, Stanford D. Stoddard, Swanson Funeral Homes, Inc., O'Neil Swanson, Kimberly Swanson and Henry & Yvonne Thomas (Doc. 133); James K. Johnson, Russell J. Maryland; and H. Warren Moon (Doc. 151); John Does 1-99 as Successors-in-Interest to Southern Entrepreneurs, Inc. (Doc. 157); Tyrone Cecil Malloy (Doc. 165); Calvin Sanders, Jr., and Kimberly M. Sanders (Doc. 166); Greater Omentum, Inc. (Doc. 171).

[3] In his Opposition to the Motions to Dismiss, the Trustee has agreed to dismiss his claim, without prejudice, pursuant to 11 U.S.C. § 547(b)(4)(B). (Doc. 172).

[4] Defendants Calvin Sanders, Jr., and Kimberly M. Sanders have filed a Motion for Summary Judgment on Count III of the Amended Complaint, asserting that there is no genuine issue of fact regarding the Sanders' status as insiders. As the Trustee has dismissed his claim pursuant to 11 U.S.C. § 547(b)(4)(B), the Court denies this motion for summary judgment as moot. (Docs. 166, 172).

U.S.C. § 547). (Docs. 1, 61). It is alleged that the fifty-five (55) named Defendants in this Adversary Proceeding, as a result of their position as shareholders of the debtor corporation, Terry Manufacturing, received the various payments listed in the Complaint in the form of dividends. (Docs. 1, 61). The basis for the motions to the dismiss are similar. As to Counts I and II, several of the Defendants assert that the Plaintiff has failed to prove his claim pursuant to § 548 and the Alabama Fraudulent Transfer Act with sufficient particularity. Others point to statutes of limitations as a bar to the Plaintiff's claims and one pair of Defendants, Calvin and Kimberly Sanders, have argued that the applicable law to be applied in determining whether a fraudulent transfer has occurred is Illinois state law. (Docs. 166, 178). The Court will now turn to the task of addressing these arguments.

## II. CONCLUSIONS OF LAW

For purposes of deciding the present motions to dismiss, a "complaint must be taken as true and read in the light most favorable to the plaintiff." Peterson v. Atlanta Hous. Auth., 998 F.2d 904, 912 (11th Cir. 1993) (quoting Linder v. Portocarrero, 963 F.2d 332, 334 (11th Cir. 1992)). Stated another way, "[m]otions to dismiss for failure to state a claim should be denied unless it appears beyond doubt that the Plaintiff can prove no set of facts in support of its claims." Jackam v. Hospital Corp. of America Mideast, Ltd., 800 F.2d 1577, 1579 (11th Cir. 1986) (emphasis added) (quoting Bracewell v. Nicholson Air Services, Inc., 680 F.2d 103 (11th Cir. 1982)). When reviewing such a motion, all allegations are to be construed as true and read in the light most favorable to the plaintiff.

Id; see also Solis-Ramirez v. U.S. Dep't. of Justice, 758 F.2d 1426, 1429 (11th Cir. 1985).  Any doubts or ambiguities with respect to the sufficiency of the claim must be resolved in favor of the plaintiff.  Deerman v. Federal Home Mortg. Corp., 955 F. Supp. 1393, 1397 (N.D. Ala. 1997).  Furthermore, when considering such a motion, the pleadings are to be construed liberally and the issue "is not whether the plaintiff will ultimately prevail but whether she is entitled to offer evidence to support her claims."  Braden v. Piggly Wiggly, 4 F.Supp. 2d 1357, 1360 (M.D. Ala. 1998)(citing Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S. Ct. 1683, 1686, 40 L. Ed. 2d 90 (1974)).

Here, the Defendants argue that the Plaintiff has failed to allege sufficient facts in support of his claims and has failed to plead fraud with the level of specificity required by Fed.R. Civ.Pro. 9(b), made applicable to adversary proceedings by Rule 7009, Fed. R. Bankr. P.  (Docs. 174, 175, 178, 180).  It is alleged that the Plaintiff has not specified in the Complaint that any specific Defendant is a shareholder, the exact amount of their interest, the date they became shareholders, or the amount that was paid for that equity interest.  (Doc. 175).  Generally, the Defendants argue that there has been a failure on the part of the Plaintiff to establish the factual elements of a claim under state law or pursuant to § 548.

These arguments, made by several of the moving Defendants, appear to ignore the well settled law that "[b]ankruptcy courts take a liberal approach in construing allegations of actual fraud pled by a trustee."  Manhattan Inv. Fund, Ltd v. Bear, Stearns Securities Corp. (In re: Manhattan Inv. Fund Ltd), 310 B.R. 500, 505 (Bankr. S.D.N.Y. 2002).  This is justified mainly because "the trustee is a third party outsider to the transaction and must plead fraud based upon second hand knowledge."  Id.; see also Official Comm.of

Unsecured Creditors v. ASEA Brown Boveri, Inc., et al., (In re: Grand Eagle Cos., Inc.), 288 B.R. 484, 495 (Bankr. N.D. Ohio 2003); Davidson v. Bank of New England, N.A. (In re: Hollis and Co.), 86 B.R. 152, 156 (Bankr. E.D. Ark. 1988).  Considering the arguments that the Plaintiff has failed to plead his claims with particularity, the Defendants should be cognizant of the fact that at this stage in the proceedings the Plaintiff is not required to produce evidence to support any of the claims asserted, rather the goal here is to determine whether the Plaintiff should be entitled to offer evidence in support of those claims.  At this juncture the Court is not inclined to require the Plaintiff "to include in [his] pleadings information only available from the defendants through discovery."  See Board of Trustees v. Illinois Range, Inc., 186 F.R.D. 498, 503 (N.D. Ill. 1999); United States Trust Co. v. Raritan River Steel Co. (In re: American Spring Bed Manufacturing Co.), 153 B.R. 365, 374 (Bankr. D. Mass. 1993)).  While it is true that this Plaintiff, in his position as Trustee, has had the opportunity to investigate the financial condition of the Debtor by virtue of his involvement in other litigation involving Terry Manufacturing, that reality does not change the fact that many of the essential facts in this Adversary Proceeding are within the sole knowledge of the Defendants.

Several of the Defendants take issue with the Plaintiff's claims as being barred by the statute of limitations imposed by the Alabama Fraudulent Transfer Act and § 548.  The Plaintiff has asserted that he is seeking to recover payments made by Terry Manufacturing to shareholders during the time period commencing on or about July 7, 1999 and ending July 7, 2003.  Whether or not some of the payments with respect to each of the fifty-five (55) defendants fall outside of the statute of limitations period, under state law or § 548, is an issue that may properly be raised as an affirmative defense or

addressed in a motion for summary judgment. However, at this stage, the Court does not conclude that it appears beyond doubt that the Plaintiff can prove no set of facts in support of his claims as to Count I (fraudulent conveyances pursuant to the Alabama Fraudulent Transfer Act), Count II (fraudulent conveyances pursuant to 11 U.S.C. § 548), and Count III (avoidance of preferences pursuant to 11 U.S.C. § 547(b)(4)(A)).

Lastly, the Sanders Defendants argue that Illinois state law should apply to the claims against them because that's where the money was sent. (Doc. 178). The reality is that Terry Manufacturing was an Alabama Corporation, all dividend checks were issued from an Alabama bank, most if not all interactions between Terry Manufacturing and shareholders originated in Alabama, and Alabama has a strong interest in the outcome of this case given that most of the people associated with Terry Manufacturing in the form of creditors, lenders and employees, all reside in the state. Even ignoring all of that the Court finds the position advocated by the Sanders to be completely unworkable and counterproductive to the efficient and fair adjudication of this Adversary Proceeding. Rather than apply the law of various states to fifty-five (55) Defendants, none of which have an interest in this case comparable to that of Alabama, the Court will apply Alabama law to the state law fraudulent transfer claims asserted by the Plaintiff.

### III. CONCLUSION

In summary, the motions to dismiss Count III of the Plaintiff's Complaint pursuant to 11 U.S.C. § 547(b)(4)(B) are GRANTED and the motions to dismiss Count I (fraudulent conveyances pursuant to the Alabama Fraudulent Transfer Act), Count II

(fraudulent conveyances pursuant to 11 U.S.C. § 548), and Count III (avoidance of preferences pursuant to 11 U.S.C. § 547(b)(4)(A)) of the Plaintiff's Complaint are DENIED.  (Docs. 83,  119, 133, 151, 157, 160, 165, 166, 171 174, 175, 180).  Defendants Elijah Carter and Janet Carter have also filed a Motion to Remove the "Elijah Carter and Janet Carter Irrevocable Trust" from the case, on the basis that it was not a shareholder, but rather was a lender to Terry Manufacturing.  As no proof of this assertion has been submitted to Court, this motion is DENIED.  (Doc. 83).  Finally, the Motion for Summary Judgment of Defendants Calvin Sanders, Jr., and Kimberly M. Sanders, seeking summary judgment on Count III of the Amended Complaint is DENIED as moot. (Doc. 166).  The Court will enter an Order consistent with this Memorandum Decision by way of a separate document.

Done this 21st day of November, 2005.

/s/ William R. Sawyer
United States Bankruptcy Judge

c: Brent B. Barriere, Attorney for Plaintiffs
Lawrence B. Voit, Attorney for Clifton Albright
Leonard N. Math, Attorney for Harold Warren Moon, Joseph K. Johnson, Russell J. Maryland, John Bernard III, Fred & Eugenia Calloway, George & Delores Crawford, Lemuel Daniels and Trustee for Quentin Daniels, Yvonne Davis-Robinson, Robert Lee Dunham, Wedbush Morgan Securities as Trustee for the IRA of Charles Duvall, Wedbush Morgan Securities as Trustee for the IRA of Edith Duvall, Samuel L. Jackson, Roy Harris & Rita Bernard Harris, Paul & Dolly Marshall, Dr. Roosevelt McCorvey, Cleveland Avenue OB/GYN, P.C., James & Pamela Patrick, Stanford D. Stoddard Swanson Funeral Home, Inc., O'Neil Swanson, Linda Swanson, Kimberly

Swanson, Henry & Yvonne Thomas
Charles James, II, Attorney for Southern Entrepreneurs, Inc.
Robert L. Shields, III, Attorney for Tyrone Cecil Malloy
Seth D. Matus,
Adam J. Glazer, Attorneys for Kimberly M. Sanders and Calvin Sanders, Jr.
Erin S. Brown, Attorney for Greater Omentum, Inc.
David A. Norris, Attorney for ECD Investments, LLC
Cleve W. Powell, Attorney for Robert A.L. Harms
Robert H. Adams, Attorney for William Holder
D. Woodard Glenn, Attorney for Joseph K. Johnson
Trish D. Lazich, Attorney for Kenneth H. McCoy
Darryl S. Vhugen, Attorney for Leonard R. Wilkens
Michael L. Hall, Attorney for The Estate of Derrick Thomas
All Defendants