# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF ALABAMA

In re                                                             Case No. 03-32063 - WRS
                                                                  Chapter 7
TERRY MANUFACTURING
COMPANY INC.,

    Debtor.


J. LESTER ALEXANDER III, TRUSTEE,

    Plaintiff,                                  Adv. Pro. No. 05-3050 - WRS


v.

CLIFTON ALBRIGHT, et. al.


## MEMORANDUM DECISION

    This Adversary Proceeding is before the Court upon the Trustee's motion for summary judgment on the issue of reasonably equivalent value. (Doc. 215). The Court entered a Scheduling Order on January 26, 2006, announcing that all responses to the Trustee's motion for summary judgment shall be filed not later than February 24, 2006. (Doc. 222). Some of the Defendants have filed responses. (Docs. 289, 293, 294, 295, 300, 303, 306, 310, 313). For the reasons stated herein, the Trustee's motion for summary judgment is DENIED. (Doc. 215).

## I. FACTS

In bringing the instant Adversary Proceeding the Trustee seeks the recovery of certain transfers sought to be avoided on the basis of fraudulent transfer and preference theories pursuant to the Alabama Fraudulent Transfer Act, 11 U.S.C. § 548 and 11 U.S.C. § 547(b)(4)(A)).[1] It is alleged that the fifty-five (55) named Defendants in this Adversary Proceeding, as a result of their position as shareholders of the debtor corporation, Terry Manufacturing[2], received the various payments listed in the Complaint in the form of dividends between July 7, 1999 and July 7, 2003. (Docs. 1, 61). The Trustee's motion for summary judgment requests a partial judgment that "(i) each of the defendants is a holder of equity - Class B Preferred Stock of Terry Manufacturing – rather than a debt instrument; (ii) because the defendants hold equity rather than debt, payments to them, whether as dividends or redemption payments, were not in satisfaction of antecedent debt; and (iii) as the dividends and redemption payments were not in satisfaction of antecedent debts and defendants gave no other consideration for those transfers, Terry Manufacturing did not receive reasonably equivalent value for the transfers." In support of his motion, the Trustee has submitted a Private Placement Memorandum ("PPM")

---

[1] In a Memorandum Decision dated November 21, 2005, the Court denied motions to dismiss filed by several Defendants as to Count I (fraudulent conveyances pursuant to the Alabama Fraudulent Transfer Act); Count II (fraudulent conveyances pursuant to 11 U.S.C. § 548), and Count III (avoidance of preferences pursuant to 11 U.S.C. § 547(b)(4)(A)) of the Trustee's Complaint. (Doc. 197). The motions to dismiss Count III of the Trustee's Complaint pursuant to 11 U.S.C. § 547(b)(4)(B) were granted as the Trustee agreed to dismiss this claim without prejudice. (Docs. 197, 172).

[2] Terry Manufacturing filed a voluntary Chapter 11 petition in this Court on July 7, 2003. (Case No. 03-32063, Doc. 1). Terry Uniform, an affiliated entity, filed a voluntary Chapter 11 petition on July 22, 2003. (Case No. 03-32213, Doc. 1). Joint Administration of these two cases was ordered by this Court's Order of October 3, 2003. J. Lester Alexander, III, was appointed Chapter 11 Trustee by Order of this Court on July 10, 2003. (Doc. 20). The Chapter 11 cases of Terry Manufacturing and Terry Uniform were converted to cases under Chapter 7 of the United States Bankruptcy Code, by Order of the Court dated May 13, 2004. (Case No. 03-32063, Doc. 579). J. Lester Alexander, III, was appointed Trustee of both Chapter 7 cases.

offering for sale shares of Class B Preferred Stock and a copy of a Subscription Agreement. (Doc. 215, Plaintiff's Ex. A).

## II. CONCLUSIONS OF LAW

### A. Summary Judgment Standard

Summary judgment is proper only when there is no genuine issue of any material fact and the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P.56, made applicable to Adversary Proceedings pursuant to Fed. R. Bank. P. 7056; Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 2553, 91 L.Ed. 2d 265 (1986); Jones v. City of Columbus, 120 F.3d 248, 251 (11th Cir. 1997). Federal Rule of Civil Procedure 56(c) states the following:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(c). The facts must be viewed in a light most favorable to the nonmoving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255, 106 S.Ct. 2505, 91 LED. 2d 202 (1986); Celotex Corp. v. Catrett, 477 U.S. at 322; Hail v. Regency Terrace Owners Association, 782 So.2d1271, 1273 (Ala. 2000). At the stage of summary judgment, "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. at 249. To avoid an adverse ruling on a motion for summary judgment, "the nonmoving party must provide more than a mere scintilla of

evidence." See Loyd v.Ram Industries, Inc., 64 F.Supp.2d 1235, 1237 (S.D. Ala. 1999) (quoting Combs v.Plantation Patterns, 106 F.3d 1519, 1526 (11th Cir. 1997).

**B. Discussion**

The Trustee is seeking to streamline this litigation by resolving the issue of reasonably equivalent value in his favor. However, there is a fundamental problem with reaching this result— no evidence has been produced demonstrating the number of shares held by any of the Defendants, the amount of the consideration paid for these shares, or the specific dates of the dividend payments. In fact, to date no documentation has been produced which evidences that Defendants were actually shareholders of the Debtor. While the PPM[3] and a copy of a Subscription Agreement were filed, there is not a single Subscription Agreement executed by any of the Defendants filed in support of the motion for summary judgment. (Doc. 215, Plaintiff's Ex. A.). At least four Defendants, ECD Investments, LLC, William Holder, John Bernard and Yvonne-Davis-Robinson, have come forward and declared that they never executed a Subscription Agreement. (Docs. 287, 289). These assertions are in direct conflict with the Trustee's view that "each of the Defendants executed a Subscription Agreement" as a "condition to purchasing preferred stock." (Doc. 215). This alone constitutes a genuine issue of material fact which should preclude entry of summary judgment.

---

[3] The PPM states the following:

[I]nvestors who purchase shall be entitled to receive, as and when declared by the Board of Directors of the Company, cumulative preferential cash dividends at this annual rate $80.00 per Share, which will accrue from the date of issuance of the Shares until such Shares are redeemed or exchanged. (Doc. 215, Plaintiff's Ex. A ¶ 11).

The Court acknowledges the Trustee's goal of streamlining the instant litigation involving over fifty (50) defendants, however, this stated goal cannot trump the Court's obligation to render a decision based upon the most complete and accurate information possible. The Trustee believes there is a substantial likelihood that he will be able to stipulate as to the amounts and dates of dividends and redemption payments made by Terry Manufacturing. While stipulations may be forthcoming, the Court is not prepared at this stage of the proceeding, before a full development of the facts has been attained, to make the broad determination that each of the Defendants are holders of Class B Preferred Stock. The Court is particularly inclined not to make such a finding when it has not been proven that: 1) each of the Defendants is in fact a Class B Preferred Shareholder; 2) the amount of shares purchased; or 3) the specific dates of the dividend payments. It follows from this reasoning that the Court is also not inclined at this stage to render judgment as to whether or not the dividend payments were in satisfaction of antecedent debt or whether Terry Manufacturing received reasonably equivalent value for those payments.

### III.  CONCLUSION

In conclusion, the Court determines that there are genuine issues of material fact in dispute with regard to whether each of the named Defendants is a holder of Class B Preferred Stock, the number of shares held by each of the Defendants, the amount of the consideration paid for these shares, and the specific dates of the dividend payments. For this reason, the Court determines that the Trustee's motion for summary judgment is due

be DENIED. (Doc. 215). The Court will enter an Order consistent with this

Memorandum Decision by way of a separate document.

Done this 6th day of April, 2006.

/s/ William R. Sawyer
United States Bankruptcy Judge

c: Brent B. Barriere, Attorney for Plaintiff
   Robert H. Adams, Attorney for William Holder
   Rashad L. Blossom, Attorney for The Estate of Derrick Thomas
   Erin S. Brown, Attorney for Greater Omentum, Inc.
   Adam J. Glazer, Attorney for Calvin Sanders, Jr. and Kimberly M. Sanders
   D. Woodard Glenn, Attorney for Harold Warren Moon, Joseph K. Johnson,
   and Russell J. Maryland,
   Michael L. Hall, Attorney for The Estate of Derrick Thomas
   Daniel G. Hamm, Attorney for Lorenzo L. Kirkland, and Walter H. Rasby, III
   Charles James, Attorney for John Does 1-99 as Successors-in-Interest to Southern
   Entrepreneurs, Inc.,
   Trish D. Lazich, Attorney for Kenneth H. McCoy
   Leonard N. Math, Attorney for Cleveland Avenue OB-GYN, P.C., Lemuel Danies as
   Trustee for Quintin Daniels, Swanson Funeral Home, Delores H. Crawford, Dolly A.
   Marshall, Eugenia J. Calloway, Fred A. Calloway, George I. Crawford, Henry J.
   Thomas, James L. Patrick, John Bernard III, Kimberly Swanson-Thomas, Linda E.
   Swanson, O'Neil Swanson, Pamela J. Patrick, Paul T. Marshall, Rita Bernard-Harris
   Robert Lee Dunham, Roosevelt McCorvey, Roy Harris, Samuel L. Jackson, Stanford C
   Stoddard, Yvonne Davis-Robinson, Yvonne Thomas, Harold Warren Moon, Joseph K.
   Johnson, Russell J. Maryland, Archibald W. Brown, Jr., Calvin Sanders, Jr., Kimberly
   M. Sanders, Charles A. West,
   Seth D. Matus, Attorney for Calvin Sanders, Jr. and Kimberly M. Sanders
   David A. Norris, Attorney for ECD Investments, LLC
   Cleve W. Powell, Attorney for Gary E. Wilson, Glenn E. Johnson, Horace Stevenson,
   Pauline Ormsby, and Robert A.L. Harms
   Robert L. Shields, III, Attorney for Tyrone Cecil Malloy
   Darryl S. Vhugen, Attorney for Leonard R. Wilkens
   Lawrence B. Voit, Attorney for Clifton Albright
   All Defendants